CHAS. H. TIMM CO., INC., *v.* UNITED STATES

No. 5253.—Invoice dated Yokohama, Japan, October 22, 1937.
Certified October 25, 1937.
Entered at New York November 29, 1937.
Entry No. 781292.

(Decided May 12, 1941)

*Marlow & Hines* (*William A. Hines* of counsel) for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

TILSON, Judge: The merchandise in this appeal is invoiced as "#3150 Rayon & Cotton Mixed bed spreads, 105 doz." at 19 yen per dozen, and as "#3160 Rayon & Cotton Mixed bed spreads, 20 dozen" at 20 yen. The merchandise was entered at 19 yen and 20 yen, respectively, per dozen, and was appraised as entered. Although the merchandise was appraised as entered, I find among the official papers customs Form 4301, addressed to the plaintiff herein, under date of July 31, 1939, which is a notice to the importer that the merchandise has been appraised according to law, and that the appraised value exceeds the entered value by 18 per centum. When the merchandise was appraised as entered, it is not clear how the appraised value could exceed the entered value by 18 per centum.

The collector took no appeal in this case, and at the trial counsel for the Government offered no evidence tending to establish a higher value than the entered value or that found by the appraiser, Counsel for the plaintiff offered evidence to show that the entered and appraised value was the correct dutiable value.

Section 501 of the act of 1930 provides in part as follows:

The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

In this case no one has challenged the appraised value or offered any proof to show that the appraised value is not correct. Counsel for the Government, in his brief filed herein, states the issues as follows:

1. Whether the appeal for reappraisement herein is invalid, for failure on the part of the importer or consignee to comply with all the provisions of the Tariff Act of 1930, relating to the entry and appraisement of imported merchandise, as specifically provided for in sections 481 (a) (5), 482 (b), 485 (a) (3), by virtue of the provisions of section 501 of the said act.

2. Whether plaintiff has overcome the presumptively correct dutiable values found by the appraiser, as provided for in section 501 of the Tariff Act of 1930.

Whatever irregularities there are, if any, in the entry and appraisement of this merchandise, the fact remains that the collector accepted all the papers tendered to him in the matter of entering the merchandise, and the appraiser accepted all the papers tendered to him and made what under the law is a legal presumptively correct appraisement. On the facts before me I am unwilling to hold that any act of the importer herein relating to the entry and appraisement of the merchandise was in violation of any of the provisions set out above. The only reason I am able to discover why an appeal was

filed in this case was because of the error of the collector in sending the importer a notice that the appraised value of the merchandise exceeds the entered value by 18 per centum, when in fact the record shows that the merchandise was appraised as entered without any advance whatsoever.

Just what advantage the Government would gain if I should accede to its motion to dismiss this appeal I am not able to see, since a dismissal of this appeal would automatically reinstate the presumptively correct appraised value and the entered value, for both of which the plaintiff contends.

Since the plaintiff is contending for the presumptively correct appraised value, it was not incumbent upon the importer to offer evidence to overcome such presumptively correct value.

On the record before me I find the proper dutiable value of the merchandise covered by this appeal to be the presumptively correct value found by the appraiser, which is the same as the entered value. Judgment will be rendered accordingly.